The trial court found that "* * *[w]hen Smock settled her underinsured motorist claim leaving $550,000 uncollected she abandoned any right to make any subsequent underinsured motorist claim against any other carrier." That is an incorrect interpretation of Ohio law and the contract at issue. The victim here, the decedent's estate, collected policy limits from his personal insurance policy. He was driving his own truck. The trial court has mistakenly equated policy limits on a secondary policy with exhaustion of coverage on a primary policy. The secondary policy's payment of less than policy limits is legally irrelevant when determining whether or not the Grange policy covers the instant accident.
The majority is willing to clean up the job that was left undone by the trial court, and I am not. The trial court erroneously found a two-year statute of limitations where none existed. In its haste to dismiss this matter on a legally insufficient basis, the trial court has failed to inquire why three years transpired between the death and the claim. We, as an appellate court, are in no position to determine whether three days, three months, or three years is reasonable or unreasonable. Each case must be determined upon its own unique set of facts, and in this matter, facts are in very short supply.
This matter needs to be remanded to the trial court to determine whether, under the facts of this case, the delay of three years in reporting the claim was reasonable. Absent that finding by the trier of facts, we simply have no basis to determine that, as a matter of law, the delay was not reasonable.